# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 5:93CR30025 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **MAURICE EDWARD JACKSON,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On October 28, 1994, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 17, 2008, the court received a motion from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. The defendant was held responsible for approximately 100 grams of crack cocaine. Under the amended sentencing guidelines, the defendant has a base offense level of 30. After accounting for his two-level enhancement for possessing a firearm during drug trafficking activities, the defendant has a Total Offense Level of 32. However, the defendant's criminal history as detailed in the Presentence Investigation Report submitted to this court prior to the defendant's original sentencing indicates that the defendant is a career offender as defined in USSG § 4B1.1. Accordingly, his offense level is determined by reference to the table contained in that section. Therefore, the defendant's offense level is 37. As a career offender, his Criminal History Category is VI. Thus, the amended guidelines recommend a term of imprisonment between 360 months and life, the same as at the defendant's original sentencing. Because the recommended guideline range has not changed, this court will not reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence

(Doc. No. 187) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

> ENTER: March 28, 2008
>
>  /S/ JAMES P. JONES
> Chief United States District Judge