# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 5:93CR30025-4 |
| v. | OPINION |
| MAURICE EDWARD JACKSON, | By: James P. Jones |
| Defendant. | United States District Judge |

*Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Maurice Edward Jackson, has filed an authorized successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G.") §§ 4B1.1 and 4B1.2, is unlawful. After consideration of the record and applicable case law, I conclude that Jackson's motion must be dismissed as untimely.

Jackson was charged in an Indictment with conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He proceeded to trial and was found guilty. Jackson's Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense,"

pursuant to U.S.S.G. § 4B1.1. PSR ¶ 29, ECF No. 265. The predicate offenses supporting his status as a career offender included prior convictions for drug possession, prison breach and assault with a dangerous weapon. *Id*. ¶¶ 33, 34 and 35. On October 28, 1994, the court sentenced Jackson to a total of 360 months' incarceration, after concluding that he was a career offender. Jackson appealed, and the Fourth Circuit affirmed his conviction and sentence. *United States v. Stevenson*, Nos. 94-5874, 94-5875, 94-5876, 1996 WL 44091, at *6 (4th Cir. Feb. 5, 1996) (unpublished). He filed a petition for a writ of certiorari to the Supreme Court, which was denied on May 28, 1996. *Jackson v. United States*, 517 U.S. 1229 (1996).

In this § 2255 Motion, Jackson challenges the constitutionality of former U.S.S.G. § 4B1.2(a), which defined a "crime of violence," in part, as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as the "residual clause." He bases his argument on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), in which the Supreme Court held that an identically worded residual clause in a federal statute, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and could not be used to increase a defendant's sentence. However, Jackson's argument that his crime of violence convictions no longer support his career offender status because the residual clause in the Guidelines is unconstitutional, is foreclosed by *Beckles v. United States*,137

S. Ct. 886 (2017). The Supreme Court, in *Beckles*, held that the Guidelines are not subject to a similar constitutional challenge as they merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces. 137 S. Ct. at 892.

Nonetheless, Jackson argues that the court's determination that he qualified as a career offender is governed by *Johnson*, not *Beckles*. Jackson was sentenced under a pre-*Booker* mandatory Guideline scheme. *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding, in order to avoid a constitutional violation, that the Sentencing Guidelines are advisory and not mandatory). Accordingly, he argues that the mandatory Guidelines, which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and as a result, the reasoning of *Johnson* applies. Suppl. Mem. Supp. § 2255 Mot. 4-5, ECF No. 255.

The *Beckles* court did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced under the mandatory-Guidelines regime that existed prior to *Booker*. The Fourth Circuit, in *United States v. Brown*, was faced with just such a situation, and ultimately concluded that the defendant was not entitled to relief because on collateral review, he could not overcome the stringent timeliness hurdle required by 28 U.S.C. § 2255. 868 F.3d 297, 299 (4th Cir. 2017).

Usually, a defendant must file a motion under § 2255 within one year from the date on which the defendant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year period to run when a defendant relies on a rule of constitutional law newly recognized by the Supreme Court, starting from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3). The *Brown* court concluded that in neither *Johnson* nor *Beckles* had the Supreme Court expressly recognized the right of a defendant to obtain relief who was sentenced as a career offender under a mandatory-Guideline regime. *Brown*, 868 F.3d at 302. By leaving open that question, the Supreme Court failed to "recognize" a "new right" in the mandatory Sentencing Guideline context. *Id.* at 301. Accordingly, a defendant sentenced as a career offender under the mandatory Guidelines could not rely on the additional one-year limitations period in § 2255(f)(3). *Id.* at 302.

Jackson was sentenced in 1994 and his judgment became final following the denial of his certiorari petition in 1996. He did not file this § 2255 petition until 2016, 20 years after his judgment became final. Accordingly, his petition is time barred and must be dismissed.

A separate Final Order will be entered forthwith.

DATED: March 9, 2018

/s/ James P. Jones
United States District Judge