CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

3/8/2019

JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:93CR30025-004 |
| v. | ) | **OPINION AND ORDER** |
| MAURICE EDWARD JACKSON, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280 grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty

range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on November 30, 1993, and charged with conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On July 18, 1994, a jury found the defendant guilty, and he was held accountable for approximately 100 grams of cocaine base. The defendant was determined be a career offender and to have a total offense level of 37, and a criminal history category of VI, which under the U.S. Sentencing Guidelines Manual, produced a guideline range of 360 months to life. The defendant was sentenced on November 7, 1994, to 360 months imprisonment, to be

followed by five years of supervised release. His current release date from imprisonment is projected to be September 30, 2025.

Under the 2018 FSA, the new statutory sentencing range, if applied to the defendant, would be five to 40 years, with a term of supervised release of four years. 21 U.S.C. § 841(b)(1)(B). The defendant's sentence of imprisonment does not exceed 40 years, the new maximum, although his term of supervised release does exceed that provided under § 841(b)(1)(B). Nevertheless, the United States and the defendant both take the position that the court should revise the defendant's career offender guideline range, based upon the lowered maximum term of imprisonment, and this revision qualifies the defendant for a reduction in his sentence of imprisonment.

I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). I have reviewed the defendant's original Presentence Investigation Report and education and disciplinary data while in prison, as well as the briefs filed by counsel. I will reduce the defendant's sentence to not less than time served, to be followed by a term of supervised release of four years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 272, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served, meaning that the defendant has now fully served the imprisonment imposed and is to be released from imprisonment</u>. This imprisonment is to be followed by a total term of supervised release of four years;

3. The defendant's sentencing judgment shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the defendant's release and to permit the Probation Officer to approve a reentry plan; and

5. The Probation Office shall immediately transmit this Opinion and Order to the Bureau of Prisons.

ENTER: March 8, 2019

/s/ *James P. Jones*
United States District Judge